Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DR. JAMES FOSSHAGE, derivatively and on behalf of WORLD WATER WORKS HOLDINGS, INC.,

    *Plaintiff,*

v.

MICHAEL MCDONALD and WORLD WATER WORKS HOLDINGS, INC.,

    *Defendants.*

Civil Action No. 17-2899 (JMV)(MF)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on Plaintiff James Fosshage's motion for reconsideration of the denial of his motion for a permanent injunction. D.E. 47, D.E. 43. Defendants oppose the motion. D.E. 48. The Court reviewed submissions made in support of and in opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the Plaintiff's motion is **DENIED**.

**I.    Standard of Review**

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within 14 days of the entry of an order. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) there has been an intervening change in the controlling law, (2) the availability of

new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Reconsideration is an "extraordinary remedy" that is granted "very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted).

## II. Analysis

In his motion, Plaintiff makes two arguments: (1) that the Court overlooked the application of 8 Del. C. §144 to the transaction at hand, and (2) that the Court overlooked the preferred stockholder provision in World Water Works Holdings' corporate charter. *See* Brief in Support of Plaintiff's Motion for Reconsideration of the Denial of Injunctive Relief, D.E. 47, (hereinafter "Reconsideration Brief") at pg. 8, 14. These two arguments fall into the third scenario outlined in the motion for reconsideration standard. Plaintiff is asking the Court to "correct a clear error of law."

Defendants respond that Plaintiff is now trying to re-litigate an issue that has been fully addressed, that Plaintiff failed to meet the Third Circuit standard for permanent injunctive relief,

2

and that the Court fully considered Plaintiff's arguments in prior motions. *See* Defendants' Brief in Opposition to Plaintiff's Motion for Reconsideration of Plaintiff's Second ("Renewed") Application for Injunctive Relief, D.E. 48, (hereinafter "Opposition Brief") at pg. 4, 11, 13.

Plaintiff has now argued in three separate motions that the Court should grant his initial request for an injunction. The Court has held extensive oral argument on this exact issue twice. Contrary to Plaintiff's representations in his Reconsideration Brief, the Court fully acknowledged and addressed his §144 argument during the hearing on December 4, 2017. D.E. 49, pg. 13-16. As the Court noted, Plaintiff did not support its assertion under §144 with legal analysis in his briefing, rather he supplied a "factual analysis without legal analysis." *Id.* at 16:1-2. The Court did not overlook Plaintiff's arguments concerning §144, and the Court did not commit clear error in ruling on the arguments. Instead, Plaintiff (who bore the burden of proving that he was entitled to injunctive relief) failed to provide the Court with the necessary legal analysis to support his argument.

As to the second argument, regarding the preferred stockholder provision, Plaintiff did not raise this argument in his brief in support of the permanent injunction. D.E. 33. In fact, that brief contains four pages of legal argument, and cites to one statute and one case. *See id.* at pg. 19-22. This argument was not raised in the reply brief, either. D.E. 40.

Plaintiff indicates in the Reconsideration Brief that this argument was raised in his first brief in support of the temporary restraining order. *See* Reconsideration Brief at pg. 14. However, Plaintiff does not offer any explanation as to why the argument was not briefed fully in his motion for permanent injunction, which is the motion Plaintiff now asks the Court to reconsider. Plaintiff did attempt, during oral argument on December 4, to ask the Court to consider the permanent injunction application as instead a renewal of the preliminary injunction

3

sought earlier, but the Court refused to do so. *See* D.E. 49, 10:15-22, 11: 3-4. Plaintiff made clear in his reply brief concerning the permanent injunction that he was not seeking a preliminary injunction (and, in fact, criticized Defendants for treating the requested relief as a motion for preliminary injunction). To the extent Plaintiff raised the argument, then his motion for reconsideration is denied because he is merely attempting to rehash his prior argument. To the extent Plaintiff did not properly argue his position earlier, his motion for reconsideration is denied because the motion is not an avenue to raise new arguments that could have been made before the Court ruled on his request for injunctive relief.

**III.    Conclusion**

For the reasons stated above, and for good cause shown,

**IT IS** on this 26th day of January, 2018,

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

John Michael Vazquez, U.S.D.J.